UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DIEGO F. PORTELA, on behalf of himself and all others similarly situated, | Civil Case Number: _____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| DIVERSIFIED CONSULTANTS, INC., and JOHN DOES 1-25, | |
| Defendant(s). | |

Plaintiff, DIEGO F. PORTELA, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendant, DIVERSIFIED CONSULTANTS, INC, ("DCI"), JOHN DOES 1-25 ("Defendants") their employees, agents, and successors (collectively "Defendants") the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person and a resident of Union County, New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. DCI maintains a location at 10550 Deerwood Park Blvd., Suite 309, Jacksonville, Florida 32256.

8. Upon information and belief, DCI uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. DCI is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters

and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

- All Union and Essex County, New Jersey consumers who were sent letters and/or notices from DCI concerning a debt owed to another, which contained at least one of the alleged violations of 15 U.S.C. § 1692 *et seq.* herein.
- The class definition may be subsequently modified or refined.
- The Class period begins August 1, 2016 to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);
- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

a. Whether the Defendant violated various provisions of the FDCPA including but not limited to:

15 U.S.C. §§ 1692g *et seq.*, and 1692e *et seq.*

b. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would

engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy, it will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. On or before December 9, 2916 Plaintiff allegedly incurred a financial obligation to Verizon Wireless ("Verizon").

16. The Verizon obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. The Verizon obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

18. Verizon is a "creditor" as defined by 15 U.S.C. § 1692a(4).

19. On or before December 9, 2016 the Verizon obligation was referred to DCI for the purpose of collections.

20. At the time the Verizon obligation was referred to DCI the Verizon obligation was past due.

21. At the time the Verizon obligation was referred to DCI the Verizon obligation was in default pursuant to the terms of the agreement creating the obligation.

22. DCI caused to be delivered to Plaintiff a letter dated December 9, 2016, which was addressed to Plaintiff.  A copy of said letter is annexed hereto as **Exhibit A.**

23. The December 9, 2016 letter was sent to Plaintiff in connection with the collection of the Verizon obligation.

24. The December 9, 2016 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

25. Upon receipt, Plaintiff read the December 9, 2016 letter.

26. The December 9, 2016 letter provided a Toll Free telephone number of 800-604-0064.

27. The December 9, 2016 letter provided a mailing address of P.O. Box 551268, Jacksonville, FL 32255-1268.

28. The December 9, 2016 stated in part:

Note: If payment has already been made, please notify this office at 866-247-1087 or by writing to DCI at the address listed below.

29. The March 13, 2017 letter stated in part:

> This Notice is to inform you that your account with VERIZON WIRELESS has been referred to our office for collections.
>
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office

will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notices, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Calls to or from this company may be monitored or recorded.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector.

Sincerely,

Diversified Consultants, Inc.
P.O. Box 551268
Jacksonville, FL 32255-1268
800-604-0064

30. Section 1692g(3) of the FDCPA requires to debt collector to:

> Within five days after the initial communication with a consumer in connection with the collection of any debt… send the consumer a written notice containing ---
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

31. A dispute of a debt, to be effective, in the Third Circuit, must be in writing. _Graziano v. Harrison_, 950 F.2d 107, 112 (3d Cir. 1991). _Caprio v. Healthcare Revenue Recovery Group_, 709 F.3d 142 (3d Cir. March 1, 2013).

32. The December 9, 2016 letter stated on top right side:

> *Diversified Consultants, Inc.*
> **800-604-0064**
> www.dcicollect.com
> Hours of Operation:
> Monday - Thursday  8AM to 11PM EST
> Friday 8AM to 10 PM EST
> Saturday 9AM to 4PM EST

33. DCI knew or should have known that its actions violated the FDCPA.

34. DCI could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

35. It is DCI's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

   (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt; and

   (b) Failing to provide the consumer with a proper notice pursuant to 15 U.S.C. §1692g(a)(3);

36. On information and belief, DCI sent written communications in the form annexed hereto as **Exhibit A**, to at least 40 natural persons in the counties of Union and/or Essex, New Jersey with one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

37. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

38. Collection letters and/or notices, such as those sent by DCI, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

39. The December 9, 2016 letter fails to properly inform the least sophisticated consumer that to effectively dispute the alleged debt, such dispute *must* be in writing.

40. The least sophisticated consumer upon reading the December 9, 2016 letter would be confused as to what he must do to effectively dispute the alleged debt.

41. The least sophisticated consumer upon reading the instructions in the December 9, 2016 letter would be mislead into believing that if he wished to effectively dispute the valdity of the alleged, debt or any portion thereof, he may (1) notify DCI by calling the toll free telephone number of 800-604-0064 or (2) write to DCI at the address listed in the letter.

42. DCI's instructions will lead the December 9, 2016 letter would least sophisticated consumer to be unsure as to what he must do to effectively dispute the alleged debt.

43. A dispute of a debt, to be effective, in the Third Circuit, must be in writing. Graziano v. Harrison, 950 F.2d 107, 112 (3d Cir. 1991). Caprio v. Healthcare Revenue Recovery Group, 709 F.3d 142 (3d Cir. March 1, 2013).

44. DCI violated 15 U.S.C. §1692g(a)(3) by failing to effectively inform Plaintiff in the December 9, 2016 letter, what he must do in order to dispute the alleged debt.

45. DCI violated 15 U.S.C. §1692e(10) by falsely representing and misleading Plaintiff into believing that if he wished to dispute the validity of the alleged debt or any portion thereof, he may (1) notify DCI by calling the toll free telephone number of 800-604-0064 or (2) write to DCI at the address listed in the letter.

46. The December 9, 2016 letter is misleading because the instructions can be read to have two or more meaning, which one is inaccurate.

47. The December 9, 2016 letter can be read to mean that the least sophisticated consumer may dispute the validity of the alleged debt by calling DCI the toll free number provided.

48. The December 9, 2016 letter can be read to mean that the least sophisticated consumer may dispute the validity of the alleged debt by notifying DCI in writing at the address listed.

49. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

50. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

51. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

52. Plaintiff and others similarly situated were sent letters, which would have affected their decision-making with regard to the debt.

53. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

54. Plaintiff has suffered damages and other harm as a direct result of DCI's actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

    (f)  Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

    (g)  Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: May 13, 2017

            *s/ Joseph K. Jones*
            Joseph K. Jones, Esq.
            JONES, WOLF & KAPASI, LLC
            375 Passaic Avenue
            Fairfield, New Jersey 07004
            (973) 227-5900 telephone
            (973) 244-0019 facsimile
            jkj@legaljones.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

            *s/ Joseph K. Jones*
            Joseph K. Jones, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: May 13, 2017

            */s/ Joseph K. Jones*
            Joseph K. Jones, Esq.

# Exhibit A

PO BOX 1391
SOUTHGATE, MI 48195-0391



*Diversified Consultants, Inc.*
**800-604-0064**
www.dcicollect.com
Hours of Operation:
Monday – Thursday  8AM to 11PM EST
Friday  8AM to 10PM EST
Saturday  9AM to 4PM EST

12/09/16

Diego F Portela

Original Creditor:  VERIZON WIRELESS
Current Creditor:  VERIZON WIRELESS
Agency Reference Number:
Account Number:
Principal Balance: $2,902.95
Collection Costs: $522.53
Current Balance: $3,425.48

This Notice is to inform you that your account with VERIZON WIRELESS has been referred to our office for collections.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Calls to or from this company may be monitored or recorded.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector.

Sincerely,

Diversified Consultants, Inc.
PO Box 551268
Jacksonville, FL 32255-1268
800-604-0064

---

Detach and Return with Payment

**To pay by credit card, please complete the information below:**

Check One:    ❏ VISA    ❏ MasterCard    ❏ AMEX    ❏ Check
Card Number:
Expiration Date:         CCV#:        Last 3 digits on back of card
Signature of Cardholder: _____
Cardholder Name: _____
Cardholder Billing Address:
_____
_____

Original Creditor:  VERIZON WIRELESS
Current Creditor:  VERIZON WIRELESS
Agency Reference Number:
Account Number:
Principal Balance: $2,902.95
Collection Costs: $522.53
Current Balance: $3,425.48
800-604-0064

**Amount Due: $3,425.48**

**Amount Submitted:**

$ _____ . __

**Make Checks Payable to Verizon**

DIVERSIFIED CONSULTANTS, INC.
PO BOX 551268
JACKSONVILLE, FL 32255-1268