UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DIEGO F. PORTELA, on behalf of himself and all other similarly situated,

*Plaintiff,*

v.

DIVERSIFIED CONSULTANTS, INC. and JOHN DOES 1-25,

*Defendant.*

Civil Action No. 17-3431

**OPINION**

**John Michael Vazquez, U.S.D.J.**

This matter involves alleged violations of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.* Presently before the Court is Defendant Diversified Consultants, Inc.'s ("DCI" or "Defendant") motion for judgment on the pleadings. D.E. 18. Plaintiff Diego F. Portela ("Portela" or "Plaintiff") filed a brief in opposition to Defendant's motion (D.E. 22), to which Defendant replied (D.E. 23).[1] After briefing on the motion was complete, both parties filed multiple letters regarding recent decisions from courts in the Third Circuit. D.E. 24, 25, 28, 29, 37-44. The Court reviewed the parties' submissions and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, Defendant's motion is **GRANTED**.

---

[1] Defendant's brief in support of its motion for judgment on the pleadings (D.E. 18-1) will be referred to as "Def. Br."; Plaintiff's Memorandum in Opposition (D.E. 22) will be referred to as "Plf. Opp."; and Defendant's Reply in support of its motion (D.E. 23) will be referred to as "Def. Reply."

I.   **Background & Procedural History**[2]

On or before December 9, 2016, Plaintiff allegedly incurred a debt obligation to Verizon Wireless. Compl. at ¶ 15, D.E. 1. The debt was then referred to DCI for collection. When the debt was referred to DCI, the Verizon obligation was past due and in default. *Id.* at ¶¶ 19-21.

In a letter dated December 9, 2016 (the "Debt Collection Letter"), Defendant wrote to Plaintiff in an attempt to collect payment for the debt. *Id.* at ¶¶ 22-23, Ex. A. The Debt Collection Letter stated as follows:

> This Notice is to inform you that your account with VERIZON WIRELESS has been referred to our office for collections.
>
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of the debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.
>
> Calls to or from this company may be monitored or recorded.
>
> This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector.
>
> Sincerely,
>
> Diversified Consultants, Inc.
> P.O. Box 551268
> Jacksonville, FL 32255-1268
> 800-604-0064

---

[2] The factual background is taken from Plaintiff's Complaint and the pertinent debt collection letter, which was attached as Exhibit A to the Complaint. D.E. 1. When deciding a motion for judgment on the pleadings, the Court accepts as true all well-pleaded facts in Complaint. *In re Lipitor Antitrust Litig.*, 336 F. Supp. 3d 395, 406 (D.N.J. 2018). In addition, the Court may consider exhibits attached to the Complaint. *Syndicate 1245 at Lloyd's v. Walnut Advisory Corp.*, 721 F. Supp. 2d 307, 314 (D.N.J. 2010).

*Id.* ¶ 29, Ex. A. DCI's name, toll-free telephone number, website and hours of operations appear in the top right corner of the Debt Collection Letter; both DCI's name and phone number are in bold print. *Id.* ¶ 32, Ex. A. The toll-free telephone number and address appear again at the bottom of the letter, on a detachable section that Plaintiff was instructed to remove and include with any payment. *Id.*, Ex. A.

After receiving the Debt Collection Letter, Plaintiff filed this putative class action, alleging violations of the FDCPA in his one-count Complaint. *Id.* ¶¶ 37-54. Plaintiff contends that he and "others similarly situated were sent letters, which would have affected their decision-making with regard to the debt" and "have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein." *Id.* at ¶¶ 52-53. Namely, Plaintiff alleges that the Debt Collection Letter fails to properly inform the least sophisticated consumer that an effective dispute of the debt must be in writing. Plaintiff adds that the least sophisticated consumer would be misled into believing that he could call DCI's toll-free telephone number to dispute the debt. *Id.* ¶¶ 39-42.

Defendant filed the instant motion on March 20, 2018 (D.E. 18), which Plaintiff opposed (D.E. 22). Defendant replied on April 30, 2018. D.E. 23. Since the motion was fully briefed, Defendant filed five letters containing supplemental authority (D.E. 24, 28, 38, 40, 43), to which Plaintiff responded (D.E. 25, 29, 37, 39, 41). Plaintiff also filed a letter that contained supplemental authority in support of his arguments on January 24, 2019 (D.E. 42), and Defendant filed a letter in response (D.E. 44).

## II.  Standard of Review

Defendant brings its motion pursuant to Federal Rule of Civil Procedure 12(c). Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may

3

move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Pleadings are "closed" after the complaint and answer are filed. *Horizon Healthcare Servs., Inc. v. Allied Nat'l Inc.*, No. 03-4098, 2007 WL 1101435, at *3 (D.N.J. Apr. 10, 2007).

"Under Rule 12(c), judgment will not be granted unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Bayer Chems. Corp. v. Albermarle Corp.*, 171 F. App'x 392, 397 (3d Cir. 2006) (internal citations and quotations omitted) (quoting *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290 (3d Cir. 1988)). A Rule 12(c) motion based on the defense that Plaintiff fails to state a claim is governed by the same standard that applies to a motion to dismiss under Rule 12(b)(6). *Revell v. Port Auth. of N.Y. & N.J.*, 598 F.3d 128, 134 (3d Cir. 2010). Thus, to withstand such a motion under Rule 12(c), a plaintiff must allege enough facts to "state a claim to relief that is plausible on its face." *In re Lipitor Antitrust Litig.*, 336 F. Supp. 3d 395, 406 (D.N.J. 2018). A complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In evaluating the sufficiency of a complaint, a court must "accept all well-pleaded factual allegations . . . as true and draw all reasonable inferences in favor of the nonmoving party." *In re Lipitor Antitrust Litig.*, 336 F. Supp. 3d at 406. A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions[,] or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007) (citation omitted). As such, "a complaint should not be dismissed unless it appears beyond doubt that the facts alleged in the complaint, even if true, fail to support the claim." *In re Lipitor Antitrust Litig.*, 336 F. Supp. 3d at 406.

**III.   Analysis**

The FDCPA, 15 U.S.C. § 1692 *et seq.*, "creates a private right of action against debt collectors who fail to comply with its provisions." *Grubb v. Green Tree Servicing, LLC*, No. 13-7421, 2014 WL 3696126, at *4 (D.N.J. July 24, 2014). To succeed on an FDCPA claim, a plaintiff must demonstrate that "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014). The fourth factor is at issue here.

The FDCPA was enacted by Congress in 1977 with the purpose of eliminating "abusive, deceptive, and unfair debt collection practices" by debt collectors. 15 U.S.C. § 1692(a). "As remedial legislation, the FDCPA must be broadly construed in order to give full effect to these purposes." *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148 (3d Cir. 2013). To that end, "[l]ender-debtor communications potentially giving rise to claims under the FDCPA should be analyzed from the perspective of the least sophisticated debtor." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (quoting *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 454 (3d Cir. 2006)). "[A]lthough this standard protects naive consumers, it also 'prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care.'" *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354-55 (3d Cir. 2000) (quoting *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 136 (4th Cir. 1996)).

Portela alleges that the Debt Collection Letter violates two sections of the FDCPA: Section 1692e(10) and Section 1692g(a)(3). Compl. ¶¶ 44-45.

## A. Section 1692g

Section 1692g(a) concerns validation notices, or "statements that inform the consumer how to obtain verification of the debt and that he has thirty days in which to do so." *Wilson*, 225 F.3d at 354. Section 1692g(a) provides as follows:

> Notice of debt; contents: Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

To prove a claim under Section 1692g, a plaintiff must either (1) show that the debt collector did not provide the disclosures required by Section 1692g(a), or (2) that the validation notice is "overshadowed" or "contradicted" by other portions of the communication. *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 2011). To effectively dispute a debt under Section 1692g(a), the dispute must be in writing. *Id.* at 112 ("We therefore conclude that subsection (a)(3), like subsections (a)(4) and (a)(5), contemplates that any dispute, to be effective, must be in writing.").

As discussed, the validation notice must be "interpreted from the perspective of the least sophisticated debtor." *Id.* Under this standard, a debt collection communication violates the FDCPA when it can reasonably be read by the least sophisticated debtor "to have two or more different meanings, one of which is inaccurate." *Caprio*, 709 F.3d at 149. Courts analyze both the substance and form of a debt collection letter when making this fact-specific determination. *See id.* at 151-52.

In *Caprio v. Healthcare Revenue Recovery Grp., LLC*, the Third Circuit addressed a collection letter's alleged violation of Section 1692g(a). There, the letter provided as follows: "If we can answer any questions, or if you feel you do not owe this amount, please **call us** toll free at **800-984-9115** or write us at the above address." *Id.* at 145 (emphasis in original). As to the substance of the letter, the court stated that the least sophisticated debtor could reasonably interpret the language to mean that he could dispute the debt by writing *or* calling the debt collector. *Id.* at 151. As to the form, the *Caprio* court found that the bold type of the phrase "please call" and the defendant's telephone number, as well as the fact that the telephone number appeared again in large font at the top of the letter, compounded the substantive violation. *Id.* By comparison, the Circuit noted, the phrase "write us at the above address" and the validation notice were not in bold. *Id.* The *Caprio* court also noted that the defendant's mailing address only appeared at the top of the letter and it was printed in a smaller font than the telephone number. *Id.* at 151-52. Finally, the court in *Caprio* observed that the validation notice was on the back of the letter. *Id.* at 152. The *Caprio* court concluded that the collection letter was deceptive, and therefore violated Section 1692g(a) because "it can be reasonably read to have two or more different meanings, one of which is inaccurate, *i.e.*, that [the plaintiff] could dispute the debt by making a telephone call." Therefore,

7

the Circuit determined that the letter could leave the least sophisticated debtor uncertain of his rights. *Id.*

Here, Defendant contends that the Debt Collection Letter provides the information required by Section 1692g(a). Def. Br. at 5-6. The Court agrees that the Debt Collection Letter contains the required validation notice. *See, e.g., Graziano*, 950 F.2d at 111. Defendant also maintains that the validation notice is not overshadowed or contradicted elsewhere in the Debt Collection Letter. Defendant argues that the Debt Collection Letter "merely provides the consumer with the company's telephone number and disclosed that calls to or from the company may be monitored or recorded." Def. Br. at 13. Critically, Defendant asserts that the Debt Collection Letter clearly states that disputes must be in writing, and nothing in the letter overshadows or misleads Plaintiff as to this right. *Id.*

Plaintiff's primary argument in opposition is that while the Debt Collection Letter explains that disputes must be in writing, this language is overshadowed by the statement "[c]alls to or from this company may be monitored or recorded," and by DCI's toll-free telephone number appearing in three separate locations in the letter.[3] Accordingly, Plaintiff maintains that the Debt Collection Letter invites the least sophisticated consumer to call, rather than write DCI, to dispute the debt. Plf. Opp. at 9.

A recent decision from this District, *Martinez v. Diversified Consultants, Inc.*, involved a letter that is substantially similar to the Debt Collection Letter at issue here and was sent by the

---

[3] Plaintiff also argues that DCI is inappropriately trying to shift the burden in complying with the FDCPA from DCI by, apparently, arguing that Plaintiff can only bring an FDCPA claim if he disputes the debt in writing. Plf. Opp. at 10. The Court disagrees; a fair reading of Defendant's brief does not support Plaintiff's claim.

8

same defendant.[4] *Martinez*, No. 17-11923, 2019 WL 316018 (D.N.J. Jan. 24, 2019). There, Judge Salas granted DCI's motion to dismiss, distinguishing the case from *Caprio*. *Id.* at *4-5. With regard to the substance of the letter, the *Martinez* court wrote:

> The Collection Letter does *not* instruct Plaintiff to call. . . . And the Collection Letter does not suggest that a telephone call could be used to dispute a debt . . . . The Collection Letter simply provides Defendant's telephone number, spaced throughout three times, and states, "Calls to or from this company may be monitored or recorded" in a standalone paragraph. The Court observes that even an "instruction to call"—of which there is none here—would not necessarily violate Section 1692g. And merely providing the consumer with contact information such as a telephone number—as the Collection Notice does do here—*does not violate Section 1692g*.

*Id.* at *4 (internal citations, emphasis, and punctuation omitted). As for the form of the collection letter, the *Martinez* court continued as follows:

> [T]he Court observes that *none* of the factors that informed the *Caprio* court's decision are present here: neither an exhortation to "call" nor Defendant's telephone number is printed in bold on the Collection Letter; Defendant's telephone number does not appear anywhere on the Collection letter in relatively "larger font;" Defendant's mailing address does not only appear in the letterhead of the Collection Letter; and the validation notice is not relegated to the back side of the Collection Letter. Furthermore, the factors that led the *Caprio* court to distinguish an earlier case in which a collection letter was upheld—such as the fact that the "validation notice appeared on the [relevant] front side of the document"—are present here.

*Id.* at *5 (internal citations, emphasis, and punctuation omitted). Accordingly, the *Martinez* court concluded that nothing in the letter overshadowed or contradicted the statement that a consumer must dispute the debt in writing.

---

[4] The only material difference between the two letters is that DCI's toll-free number, website and hours of location are located in the top right corner of the Debt Collection Letter (*see* Compl., Ex. A) while this information is located directly above the detachable section in the *Martinez* letter (*Martinez v. Diversified Consultants, Inc.*, No. 17-11923 (D.N.J. Nov. 21, 2017), D.E. 1, Ex. A).

9

The Court recognizes that Judge Sala's decision in *Martinez* is not binding precedent, rather it is only persuasive authority. But the Court agrees with Judge Sala's reasoning. *Martinez* involved not only the same defendant but essentially the same collection letter. Accordingly, the Court concludes that the validation notice in the Debt Collection Letter is not overshadowed or contradicted by the statement that "[c]alls to or from this company may be monitored or recorded," or the fact that DCI's toll-free telephone number appears in the Debt Collection Letter. The Debt Collection Letter does not indicate that Plaintiff should call DCI to dispute the debt. Moreover, the validation notice is clearly expressed in the same font, size, and color as the other text in the Debt Collection Letter. While the toll-free telephone number appears in three separate locations, it is not in a larger font or otherwise emphasized with one exception. The telephone number at the upper right-hand corner of the letter appears to be in a slightly larger font and in bold typeface. The Court, however, does not find this difference to alter the final analysis.

To reiterate, there are key differences between the letter here and the one at issue in *Caprio*. In *Caprio*, the request to call and the relevant phone number were both in bold font, while the request to write was not. Moreover, the validation notice in *Caprio* was located on the back of the letter. Here, by comparison, the validation notice is not only on the front of the letter, it is prominently displayed in the middle of the page and above the payment form at the bottom. Moreover, there is no bold type in the validation notice. Finally, the validation notice itself does not encourage Plaintiff to call; it merely indicates that "[c]alls to or from this company may be monitored or recorded" (which the Court assumes is necessary in case a recipient of the letter is not in a one-participant consent jurisdiction). Therefore, the Debt Collection Letter does not leave the least sophisticated consumer uncertain as to her rights under the FDCPA, and does not violate Section 1692g.

This conclusion is supported by other recent cases in the District of New Jersey. For example, in *Ferrulli v. BCA Financial Services, Inc.*, the court concluded that the phrase "[i]f you have any questions regarding this debt you may speak to an account representative by calling our office" did not overshadow or contradict the validation notice. No. 17-13177, 2018 WL 4693968, at *3-4 (D.N.J. Sept. 28, 2018) (appeal pending). Similarly, in *Rodriguez v. Northland Group, LLC*, the court determined that the phrase "[w]e look forward to hearing from you" "does not come close to suggesting to a least sophisticated debtor that he or she should contact Defendant in the event the debt is to be disputed." No. 18-7692, 2018 WL 6567705, at *6 (D.N.J. Dec. 13, 2018).

Plaintiff argues that the Court should take notice of the fact that *Ferrulli* and *Rodriguez* address different collection letters and that the Court's analysis is fact specific. D.E. 39, 41. Although true that these cases involve different letters, both of the allegedly offensive phrases appeared separately from the required validation notices, and, among other things, were not in a larger font or otherwise emphasized. *Ferrulli*, 2018 WL 4693968, at *3-4; *Rodriguez*, 2018 WL 6567705, at *5. As a result, these cases are still instructive. Moreover, the Court respectfully disagrees with the supplemental cases that Plaintiff provided in support of its opposition. In both *Henry v. Radius Global Solutions, LLC* and *Durnell v. Stoneleigh Recovery Associates, LLC*, the courts concluded that validation notices similar to the validation notice at issue here did not adequately inform the plaintiff that a dispute must be in writing. *Henry v. Radius Glob. Sols., LLC*, No. 18-4945, 2019 WL 266316, at *4 (E.D. Pa. Jan. 18, 2019); *Durnell v. Stoneleigh Recovery Assocs., LLC*, No. 18-2335, 2019 WL 121197, at *1 (E.D. Pa. Jan. 7, 2019). Numerous courts within this District, including this Court, however, have determined that similar language complies with Section 1692g(a). The Court finds these cases more compelling. *See, e.g., Reynolds v. Encore Receivable Mgmt. Inc.*, No. 17-2207, 2018 WL 2278105, at *1, 4 (D.N.J. May 18, 2018).

Consequently, for the reasons discussed, the Court concludes that the Debt Collection Letter contains the required validation notice under Section 1692g(a) and does not violate Section 1692g(a) in substance or form because nothing in the Debt Collection Letter overshadows or contradicts the validation notice.

### B. Section 1692e

Plaintiff's allegations regarding a violation of Section 1692e are based on the same facts as those supporting the alleged violation of Section 1692g. Compl. at ¶¶ 37-54. When claims based on the same conduct are brought under both Section 1692g and 1692e, the 1692g analysis "is usually dispositive." *Caprio*, 709 F.3d at 155. Thus, Plaintiff also fails to state a violation of Section 1692e.

### IV. Conclusion

For the foregoing reason, Defendant's motion for judgment on the pleadings is granted. Because Plaintiff cannot change the language in the Debt Collection Letter, any attempted amendment to the Complaint would be futile. As a result, judgment is entered in Defendant's favor for the FDCPA claim and the Complaint is dismissed. An appropriate Order accompanies this Opinion.

Dated: February 5th, 2019

John Michael Vazquez, U.S.D.J.